Scott, C.J.
It is claimed by counsel for the defendant in error, that an ordinance of such a city as Columbus, forbidding auction sales on the streets, sidewalks, alleys and public grounds of the city, is an unreasonable restraint of trade, and an unwarrantable interference with' private rights, and is, therefore, invalid. It is also claimed, that the ordinance of November 2,1857, authorizing an arrest upon view, without warrant, is void, because inconsistent with the general State policy, which permits such arrests only in cases of felony and breach of the peace.
*552 In determining upon the power of the city council of the city of Columbus, to pass the ordinances under which the plaintiff in error seeks to justify the arrest complained of in the court below, it is proper to ascertain what powers the legislature has thought it reasonable and proper to confer upon such city councils. These powers are defined by the “ act to provide for the organization of cities and incorporated villages,” passed May 3, 1852, and the several acts amendatory thereof. By the 63d section of this act, it is •provided that “the city council shall have the care, supervision, and control of all public highways, bridges, streets, alleys, public squares and commons, within the city; and shall cause the same to be kept open, and in repair, and free from nuisances.” The 20th section gives to all municipal corporations organized under the act, power “ to protect the property of the municipal corporation and its inhabitants, and preserve peace and good order therein.”
The 34th section gives such corporations a general power “ to make and publish such by-laws and ordinances as to them shall seem necessary, to provide for the safety, preserve the health, promote the prosperity, and improve the morals, order, comfort and convenience of such corporations, and the inhabitants thereof.” The 62d section, as amended by the act of May 1, 1854, gives to city councils power, among other things, “ to establish a city watch or police, to organize the same under the general superintendence of the mayor, marshal, or other officers of the police, prescribe its duties, and define its powers,” etc. Sections 70 and 74, make it the duty of the marshal, police officers and watchmen, in cities of the first and second class, to apprehend any and all persons in the act of committing any offense against the laws of the state, or the ordinances of the city, and forthwith bring such person or persons before the mayor, police court, or other competent authority, for 'examination. The last named section, which has special reference to cities of the first class, further provides that “ the mayor, marshal and watchmen of the city may, upon vim, arrest any person or persons who may be *553 guilty of a breach of the ordinances of the city, or of anj crime against the laws of the State.”
From these provisions of the statute, it is clear that the supervision, care and control of the highways, streets, sidewalks, alleys, etc., within cities, are, by law, committed to city councils ; and that they may secure to the inhabitants of such cities, and the public generally, the convenient and unobstructed use and enjoyment of these thoroughfares for their appropriate purposes, and thus promote the “ order, comfort and convenience” of the inhabitants, by such reasonable ordinances as are not in conflict with the laws or policy of the State, nor in violation of private rights. The public have a right of free and unobstructed transit over streets, sidewalks and alleys, and this is the primary and appropriate use io which they are generally dedicated. Whatever interferes, unreasonably and unnecessarily, with this use, is a nuisance, which a city council may well prohibit by ordinance. Individuals have no right to appropriate the sidewalks to the uue of their own trade or business, in such manner as to interfere with their public use. There are, doubtless, cases of necessity, as in the erection of buildings, when partial or temporary obstructions of sidewalks may be justified. Clark v. Fry, 8 Ohio St. Rep. 358. But no such necessity is perceived for holding auctions on the sidewalks.
It is said, however, that the prohibition of this ordinimee, though it might be necessary in a large and populous city, is unreasonable in such a city as Columbus. On this subject, much must be left to the discretion of the city council, and unless that discretion be exercised in a manner clearly unreasonable, so as to infringe upon private rights, it is not within the province of courts to interfere. Columbus is one of the largest cities of the second class within the State, and the prohibition in question, especially in its application to sidewalks, may, for aught we can know, be eminently proper. It violates no private right; it does not forbid sales by auction, nor assume to regulate them in any other way than by prohibiting an invasion of the public rights. It is, therefore, not in restraint of trade.
*554 As to the power of the city council to authorize arrests upon view, for a violation of city ordinances, we think it ig clearly conferred by the statutes to which we have referred. The right to make such arrests is expressly given, as we have seen, to the mayor, marshal and watchmen of cities of the first class. The duty is expressly enjoined upon the marshal of cities of the second class, to apprehend any person in the act of committing any offense against the ordinances of the city, and forthwith take him before the mayor, etc; and the council is authorized to prescribe the duties of police officers.
These provisions of the statute do not seem to indicate the policy suggested by council, of prohibiting arrests upon view in all cases except for felonies or breach of the peace.
It is evident that many ordinances necessary for good order and general convenience, as well as for the preservation of morals and decency, would be almost nugatory, if offenders could only be arrested upon warrant. Such is clearly not the policy of the statute.
We think, therefore, that the court below erred in sustaining the demurrer to the answer of the plaintiff in error; and for this reason, reverse its judgment, and remand the case.
Sutliee, Peck, Gholson and Brinkerhoee, J.J., concurred.